After a jury-waived trial, the defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor (OUI) and negligent operation of a motor vehicle.[2] On appeal, the defendant argues that it was error for the judge to allow scientific evidence without expert testimony and that the judge erred in denying his motions for required findings. We affirm.
Discussion. 1. Scientific evidence. "Generally, determinations as to the admissibility of evidence lie 'within the sound discretion of the trial judge.' " Commonwealth v. Bins, 465 Mass. 348, 364 (2013), quoting from Commonwealth v. Jones, 464 Mass. 16, 19-20 (2012). See Mass. G. Evid. § 403 (2017).
Here, the arresting officer conducted a horizontal gaze nystagmus (HGN) test prior to arresting the defendant. At trial the judge allowed the officer to testify only as to his directions to the defendant on how to perform the test and the officer's observations of the defendant's compliance with the directions. The judge specifically excluded any testimony relating to scientific conclusions or opinions. We discern no error on the part of the judge. The officer did not directly render an expert opinion as to his interpretation of the HGN test; instead, his testimony amounted to a lay opinion that the defendant did not follow the directions that the officer provided for the test. A lay opinion is admissible where it is "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge ...." Mass. G. Evid. § 701. See Commonwealth v. Canty, 466 Mass. 535, 541 (2013).
2. Sufficiency of the evidence. The defendant also argues that the evidence, when viewed in the light most favorable to the Commonwealth, was not sufficient to support a conviction for the offenses of operating under the influence and negligent operation of a motor vehicle, and the civil infraction of marked lanes violation. The elements of operating under the influence are (1) operation of a vehicle, (2) on a public way, (3) under the influence of alcohol. See G. L. c. 90, § 24. A defendant operates a vehicle negligently when he (1) operates a motor vehicle, (2) upon a public way, (3) negligently so that the lives of the public might be endangered. See § 24(2)(a ).[3]
The evidence against the defendant included the manner in which he operated his vehicle, observations about his person, the presence of alcohol in the defendant's vehicle and opinions of the arresting officer. The officer's attention was drawn to the defendant when he observed the defendant's vehicle cross the center line as he exited route 6. When the officer attempted to stop the defendant's vehicle, the defendant increased his speed and made a number of turns without signaling. After stopping the defendant the officer made observations about the defendant's person that led him to form the opinion that the defendant was under the influence of intoxicating liquor. The observations included the smell of alcohol on the defendant's breath, bloodshot and watery eyes, and that the defendant was unsteady on his feet. The officer also observed two cold bottles of beer and one empty bottle of beer in the vehicle. The officer testified that the defendant was extremely intoxicated and it would be unsafe for the defendant to attempt to perform any physical field sobriety tests. The officer attempted to conduct an HNG test and provided verbal and demonstrative directions to the defendant. The defendant was unable to follow these directions.[4] Therefore, taken in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, we conclude that there was sufficient evidence to convict the defendant of operating under the influence and negligent operation. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).
Finally, the testimony that the defendant drove over the center line as he exited the ramp onto route 6A was sufficient to show that route 6A contained marked lanes and that the defendant drove outside of those lanes. Id. at 676-677.
Judgment affirmed.

The trial judge also found the defendant responsible for possession of an open container of alcohol in a motor vehicle and marked lanes violation.

The defendant does not challenge the sufficiency of evidence as to the elements of operation or public way.

The defendant argues that the defendant's ability to comply was based on a language barrier, however, the weight and credibility of evidence is the province of the fact finder.