The defendant, Sean MacDonald, appeals from his conviction of operating a motor vehicle while under the influence of liquor, third offense, G. L. c. 90, § 24. He argues that a police officer's testimony that, in his "professional opinion," the defendant "was impaired" was testimony on the defendant's guilt, and that there was insufficient evidence of intoxication and diminished capacity to operate a motor vehicle safely.[2]
The officer's testimony that it was his "professional opinion" that the defendant "was impaired" was not testimony on the defendant's guilt. See Commonwealth v. Canty, 466 Mass. 535, 544 (2013) (lay witness may opine on defendant's level of sobriety). Even assuming it was some other kind of error, it was not objected to, and there was no substantial risk of a miscarriage of justice given the overwhelming evidence of intoxication and diminished capacity, including, but not limited to: the defendant's inability to "maintain[ ] the right hand lane" while driving; an overwhelmingly strong odor of alcohol coming from the vehicle and the defendant's breath; the defendant's slow, exaggerated movements and unsteadiness on his feet; the defendant's extremely slurred speech; the defendant's initial incredulity when the officer informed him he had been driving without a tire on one of his rims, and his subsequent statement that he had no idea where the tire went; the defendant's repeated admissions that he had been drinking alcohol all night; and the defendant's inability to recite the alphabet beyond the letter F and the numbers from seventy-seven to ninety-three. The evidence, viewed in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 676-678 (1979), was sufficient to support the conviction.
Judgment affirmed.

The defendant concedes that the evidence showed he was operating a motor vehicle on a public way.