The defendant, Iride P. Rodriguez, appeals from her conviction of operating a motor vehicle while under the influence of intoxicating liquor, second offense, G. L. c. 90, § 24(1)(a )(1), arguing that she was prejudiced by various statements made at trial. We affirm.
First, Rodriguez challenges certain questions asked by the prosecutor during her direct examination of Trooper Kyle Minnicucci, an arresting officer who had recently graduated from the police academy, as well as some of Minnicucci's testimony. The prosecutor asked Minnicucci for "an opinion as to [Rodriguez's sobriety] only," to which Minnicucci responded, "That she was over the legal limit." After the judge struck this answer, the prosecutor asked the question again, to which Minnicucci responded, "That she was not sober." The prosecutor then asked Minnicucci whether he had gone to parties while at college, seen people drink alcohol at those parties, and noticed different ranges of intoxication. Minnicucci answered affirmatively to all these questions, which were not objected to. The prosecutor then asked whether he could describe the ranges, what terminology he would use for someone who consumed a lot of alcohol, "how not sober" Rodriguez was, and whether Minnicucci had "any other opinion as to her sobriety." The judge sustained defense counsel's timely objections to these questions.
Rodriguez argues that the prosecutor's questioning and Minnicucci's testimony insinuated that "not sober" means "over the legal limit," and are impermissible under Commonwealth v. Canty, 466 Mass. 535 (2013). We disagree. Canty held that lay witnesses may opine on a defendant's sobriety but not on the ultimate issue of whether the defendant was operating under the influence. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 539. Here, the only testimony on Rodriguez's sobriety that remained in the record was that she was "not sober," which is permissible under Canty.[2] Contrary to the defendant's assertions, nothing in the prosecutor's questioning of Minnicucci insinuates that "not sober" means "over the legal limit," or otherwise refers to an ultimate issue. And there is no merit to Rodriguez's argument that the judge abused her discretion in concluding that the probative value of Minnicucci's testimony was not outweighed by the risk of unfair prejudice.
Second, Rodriguez argues that the judge erred by admitting Minnicucci's testimony on redirect that, from his college experience, he was able to detect intoxication "relatively quickly." On appeal, she argues that the testimony was irrelevant and substantially more prejudicial than probative because it constituted improper "vouching."[3] But the testimony was probative of Minnicucci's ability to form an opinion on intoxication, which defense counsel, on cross-examination, had called into question due to Minnicucci's lack of experience in performing field sobriety tests outside the police academy. And Minnicucci's testimony that he could detect intoxication "relatively quickly" was not unfairly prejudicial, nor did it constitute improper vouching. Contrast Commonwealth v. Burgess, 450 Mass. 422, 436 (2008) (witness may not "evaluat[e] whether his own testimony was consistent with other testimony").
Finally, Rodriguez argues that the judge erred by not striking her own testimony, which she gave on redirect, that "usually one drink of alcohol is over the legal limit." Defense counsel did not object to this testimony, and so, at best, we may reverse only if it led to a substantial risk of a miscarriage of justice. See Commonwealth v. Silva, 431 Mass. 401, 405 (2000). At trial, Rodriguez had asserted that she consumed only one drink on the night in question, but admitted that she said during booking that she would fail a blood alcohol test. She gave the challenged testimony after defense counsel asked her to explain why she said she would fail the test, presumably in an effort to harmonize her statement during booking with her assertions at trial that she consumed only one drink. Defense counsel apparently believed this testimony would help her case. In these circumstances, there was no substantial risk of a miscarriage of justice. See ibid. (defendant's trial strategy is relevant to substantial risk analysis).
Judgment affirmed.

The judge instructed the jury not to consider stricken statements.

At trial, Rodriguez objected to the testimony for being outside the scope of cross-examination, a claim she does not press on appeal.