The defendant appeals from her conviction of operating a motor vehicle while under the influence of intoxicating liquor (OUI), second offense.[2] On appeal, the defendant's principal claim is that the admission in evidence of the arresting State trooper's lay opinion that the defendant was "under the influence of alcohol" was prejudicial error. We affirm.
Lay opinion. The defendant maintains that the trooper's testimony that the defendant was "under the influence of alcohol" was error because it violates the central holding of Commonwealth v. Canty, 466 Mass. 535, 545 (2013). The defendant objected to the trooper's testimony at trial so we review for prejudicial error. See Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994).
"In a prosecution for operating a motor vehicle while under the influence of alcohol, lay witnesses, including police officers, may not opine as to the ultimate question whether the defendant was operating while under the influence, but they may testify to [her] apparent intoxication." Canty, supra at 541, quoting from Commonwealth v. Jones, 464 Mass. 16, 17 n.1 (2012). As discussed in Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 389-390 (2017), although the holding of Canty prohibits lay opinion testimony whether "the defendant's consumption of alcohol diminished his ability to operate a motor vehicle safely," it does not prohibit all opinions as to the defendant's "level of intoxication." This is because the former type of testimony addresses the ultimate question of guilt or innocence, while the latter is well within the realm of proper lay opinion. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 389 ("A lay opinion, as opposed to an expert opinion, is admissible 'only where it is "[a] rationally based on the perception of the witness; [b] helpful to a clear understanding of the witness's testimony or the determination of a fact in issue; and [c] not based on scientific, technical, or other specialized knowledge." ' Commonwealth v. Canty, supra, quoting from Mass. G. Evid. § 701 [2013]").
Here, the trooper only testified that he "formed the opinion the defendant was under the influence of intoxicating liquor." Such testimony is not an impermissible opinion whether the defendant's intoxication impaired her ability to operate a motor vehicle. Rather, the trooper's testimony was limited to the defendant's level of intoxication, a subject the jury can understand through common experience and knowledge.[3] Compare Commonwealth v. Sands, 424 Mass. 184, 187-188 (1997). In these circumstances, the trooper's use of the phrase was permissible.[4] See Gallagher, supra at 389 (stating that "under the influence of alcohol" is proper lay testimony). Accordingly, we discern no error in the admission of the trooper's lay opinion.
In the alternative, the defendant contends that the expertise of the trooper led to his lay opinion being "misunderstood by jurors as testimony based on scientific, technical, or other specialized knowledge." Gallagher, supra at 399 (Agnes, J., dissenting). See Canty, supra at 541 n.5. Prior to providing his lay opinion, the trooper testified that he was certified to teach the subjects of OUI arrests and standardized field sobriety tests. The trooper also testified he has no less than four certifications as a teacher on the subject of OUIs, has taught on those subjects for eighteen years, and has taught at every municipal police academy in Massachusetts as well as various police academies in Rhode Island, New Hampshire, and Arizona. We recognize "[t]he danger posed ... 'that the jury might forego independent analysis of the facts and bow too readily to the opinion of an expert or otherwise influential witness.' " Canty, supra at 542-543, quoting from Commonwealth v. LaCorte, 373 Mass. 700, 705 (1977). However, the prosecution was careful to elicit from the trooper that his observations were "not really expert knowledge" and also that it was just "[the trooper's] personal opinion." This limited direct examination combined with the judge's instruction that the jury may reject the officer's opinion about the defendant's sobriety sufficiently reduced the risk of prejudice considered in Canty and Gallagher.[5] Thus, we see no prejudicial error in the admission of the trooper's training and experience and his opinion regarding the defendant's level of intoxication.
Other claims. The defendant also argues that various preserved and unpreserved errors at trial resulted in the infringement of the defendant's right to a fair trial. See Flebotte, supra at 353 (preserved); Commonwealth v. Freehold, 352 Mass. 556, 563-564 (1967) (unpreserved). We address each argument in turn.
First, the defendant contends that the prosecutor's unanswered question to the trooper on direct examination resulted in the jury considering evidence that the defendant refused to attempt a field sobriety test.[6] See Commonwealth v. AdonSoto, 475 Mass. 497, 500 (2016) (refusal evidence cannot be introduced by prosecution based on defendant's privilege against self-incrimination under art. 12 of Massachusetts Declaration of Rights). Here, we find no prejudice where the judge properly excluded the evidence before the witness was able to respond and also provided a correct jury instruction that questions are not evidence. Additionally, the record provides no basis for any claim that the prosecutor acted in bad faith by posing an objectionable question in an attempt to make the jury consider facts not placed in evidence or circumvent the defendant's privilege against self-incrimination. See Commonwealth v. Granito, 326 Mass. 494, 498-499 (1950).
Second, the defendant argues that the emotional response from the trooper on cross-examination created a substantial risk of a miscarriage of justice. The defendant claims now that the trooper's testimony referencing another trooper being killed when pulling a driver over was so prejudicial that a mistrial was required. Emotional outbursts are not uncommon in criminal trials, and we give substantial deference to the judge's effort to adequately remedy such error. See, e.g., Commonwealth v. Martinez, 437 Mass. 84, 89-90 (2002). Here, to prevent prejudicing the jury, the judge took a recess for the trooper to regain his composure. The judge also instructed the jury not to be swayed by sympathy. We presume the jury followed that instruction. See Commonwealth v. Helfant, 398 Mass. 214, 228-229 (1986). After considering the record as a whole, we are convinced that there was no substantial risk of a miscarriage of justice.
Judgment affirmed.

The defendant was also found responsible of two civil infractions which were placed on file.

The trooper's description of the defendant's "cyclical mood swings" as a sign and symptom was acceptable lay witness testimony. See, e.g., Commonwealth v. Lopes, 85 Mass. App. Ct. 341, 345 (2014). See also Commonwealth v. Bishop, 78 Mass. App. Ct. 70, 71-72 (2010).

Similarly, we find no error in the prosecutor's use of the word "intoxicated" during opening statement and closing argument; the judge properly instructed the jury on the elements of the crime charged.

We recognize that in the prosecution's opening statement and closing argument, the prosecutor attempted to connect the officer's training and experience and his lay opinion. However, we see no substantial risk of a miscarriage of justice. See Commonwealth v. Resende, 476 Mass. 141, 154 (2017).

The questioning was as follows:
The prosecutor : "And at that point did you have her perform any further field sobriety test?"
The trooper : "I did not. The next field-sobriety test that would have been performed is known as the ..."
Defense counsel : "Objection."
The Court : "Sustained."
The prosecutor : "Did you have her perform that one-legged stand?"
Defense counsel : "Objection."
The Court : "Sustained."