Following a jury trial in the District Court, the defendant was convicted of operating a motor vehicle under the influence of drugs (OUI marijuana).[2] On appeal, the defendant claims she is entitled to a new trial due to errors in the admission of certain evidence following the decision in Commonwealth v. Gerhardt, 477 Mass. 775 (2017). We affirm.
1. The application of Gerhardt. The defendant claims that she is entitled to the benefit of Gerhardt and therefore certain evidence regarding the purpose and use of field sobriety tests (FSTs) should not have been admitted at trial. The Commonwealth contends that Gerhardt does not apply, but even if it did, there was no error. Here, counsel for the defendant made an oral motion at the start of trial to exclude evidence of FSTs. The judge denied the motion and said, "As to those I save your rights[.]" This case was pending on direct appeal at the time that Gerhardt was decided. "Where multiple cases await appellate review on precisely the same question, it is inequitable for the case chosen as a vehicle to announce the court's holding to be singled out as the 'chance beneficiary' of an otherwise prospective rule." Galiastro v. Mortgage Elec. Registration Sys., 467 Mass. 160, 167-169 (2014). Accordingly, the defendant is entitled to the benefit of Gerhardt.
2. Discussion. The defendant contends that she is entitled to a new trial due to errors in the admission of FST evidence and in the jury instructions. There is some dispute over whether each claimed error was preserved. However, whether viewed through the lens of prejudicial error or substantial risk of a miscarriage of justice, the result is the same. On this record, we cannot say that any alleged error prejudiced the defendant. See Commonwealth v. Morales, 464 Mass. 302, 313 n.19 (2013) ; Commonwealth v. Peruzzi, 15 Mass. App. Ct. 437, 445 (1980).
First, the defendant claims error in the repeated use of the phrase "field sobriety test" throughout the trial. Gerhardt did not eliminate the use of the word "test" or the term "field sobriety tests." Rather, the court held that in OUI marijuana cases, FSTs are to be referred to as "assessments," but also recognized that "it is not practicable to eliminate the concept of testing entirely from trial testimony." Gerhardt, supra at 784-785. Here, it is unlikely that the use of the term "test" or the term "FST" played much of a role, if any, in the jury's verdict.
Next, the defendant contends that police Officer Nathan Derby should not have been permitted to testify that he was looking for "clues of impairment" in her performance of the FSTs. FSTs are "relevant to establish a driver's balance, coordination, mental acuity, and other skills required to safely operate a motor vehicle[.]" Id. at 776. Derby testified to his observations of the defendant during the FSTs which included that she had difficulty balancing, poor coordination, and was unable to follow instructions. He explained that he was looking for clues of impairment, without any reference to marijuana. This was proper. Indeed, the defendant seized on this testimony to suggest that Derby arrested her after forming the wrong opinion -- that she was under the influence of alcohol.
The defendant also claims that it was error to allow Derby to testify that he formed an opinion. However, when Derby was asked what his opinion was, the defendant's objection was properly sustained. Derby then testified, without objection, that he placed the defendant under arrest. Prior to this series of questions, Derby testified as to his observations of the defendant's driving. These observations included that the defendant traveled thirty-five to forty miles per hour in a fifty mile-per-hour speed zone, repeatedly applied her brakes despite a smooth flow of traffic, drove up to half of her vehicle over the dividing line on three occasions, and, upon being signaled to stop by Derby, pulled over in the middle of an on-ramp. Derby also testified about the odor of marijuana on the defendant's person and in his police cruiser following her placement in the back seat, her bloodshot eyes, and her admission that she smoked marijuana earlier in the day. On these facts, even if there was error, there was no prejudice. See Commonwealth v. Canty, 466 Mass. 535, 545 (2013).
Finally, the defendant claims that the jury instructions failed to communicate to the jury that "roadside tests are not scientific tests of impairment by marijuana use." She did not, however, ask for such an instruction and failed to object to the given instructions. As such, we review for error, and if so, whether any error created a substantial risk of a miscarriage of justice. Commonwealth v. Alphas, 430 Mass. 8, 13 (1999). The defendant was not entitled to the now proposed instruction, either before or after Gerhardt. The judge properly instructed the jury and clarified that the defendant was charged with OUI marijuana, not OUI alcohol. There was no error.
Judgment affirmed.

The defendant was found not responsible for two civil infractions.