The defendant, Luis Figueroa, appeals from his convictions following a jury trial in the Superior Court of operating a motor vehicle under the influence of intoxicating liquor, G. L. c. 90, § 24 (1) (a ) (1), and negligent operation, G. L. c. 90, § 24 (2) (a ) ; and his conviction, following a jury-waived trial, of operating a motor vehicle while under the influence of intoxicating liquor after his license was suspended or revoked for operating under the influence of intoxicating liquor, G. L. c. 90, § 23.[2] We conclude that the judge's breathalyzer instruction to the jury was not prejudicial to the defendant given the overwhelming evidence of the defendant's intoxication. As we further conclude that the judge did not need to give an instruction on police officer opinion regarding field sobriety tests and that the Commonwealth made a permissible, reasonable inference in its closing argument, we affirm.
1. Breathalyzer instruction. When a defendant raises a timely objection to a jury instruction, we review for prejudicial error. See Commonwealth v. Allen, 474 Mass. 162, 168 (2016). "We determine 'whether the instructions were legally erroneous, and (if so) whether the error was prejudicial.' " Id., quoting Kelly v. Foxboro Realty Assocs., LLC, 454 Mass. 306, 310 (2009). For the purpose of this appeal, we treat the judge's objected-to jury instruction mentioning the absence of breathalyzer evidence as error. See Commonwealth v. Wolfe, 478 Mass. 142, 150 (2017) (instruction regarding absence of alcohol-test evidence given over defendant's objection constitutes error).[3] Nonetheless, under the circumstances of this case, "the error was not prejudicial, because it 'did not influence the jury, or had but very slight effect.' " Commonwealth v. Sullivan, 478 Mass. 369, 377 (2017), quoting Commonwealth v. Cruz, 445 Mass. 589, 591 (2005).
Here, the evidence of the defendant's impaired operation was overwhelming. The defendant offers his diagnosis of inflammatory arthritis as an explanation for the evidence of his impairment, in particular his performance on the field sobriety tests. The defendant's medical condition, however, is not an explanation for the majority of the evidence of impairment presented. Contrast Wolfe, 478 Mass. at 150 (defendant had plausible explanation for crossing double yellow line to avoid hitting snowbank and using vehicle to steady himself as caution against icy road). Even at its worst,[4] several weeks before the incident, the defendant's arthritis impacted his walking in the morning "because of the pain and stiffness." The stop occurred around 9 or 10 P.M.
In any event, even if the defendant's medical condition was responsible for his performance on the field sobriety tests, his condition does not explain the defendant's erratic driving, appearance, and demeanor. An officer observed the defendant's vehicle speeding in the left-hand lane, and then decelerating abruptly to avoid striking the vehicle in front of it. The defendant's vehicle then moved from the left-hand lane to the center lane without signaling, nearly striking a vehicle in the center lane. Immediately upon being pulled over, the defendant was "argumentative." A strong odor of alcohol was coming from the vehicle and from the defendant himself after he got out of the vehicle. The defendant's eyes were "glossy" and "bloodshot," and his speech was slurred. Even when seated on a guardrail, the defendant was "unsteady" and "swaying." The defendant repeatedly "verbaliz[ed] his need to urinate." One officer observed that the defendant's pants were unzipped and wet in the groin area. Finally, when the officers attempted to escort the defendant to the police cruiser, he resisted by "pushing against" the officers, despite his medical condition and alleged immobility. Given this evidence of the defendant's impaired operation, the judge's instruction regarding the absence of a breathalyzer test did not prejudice the defendant. See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 390-391 (2017) (no prejudice even if lay opinion was improperly admitted because evidence of defendant's glassy, bloodshot eyes; slurred speech; and failure to follow officer's instructions supported jury's conclusion that defendant had diminished capacity).
2. Lack of jury instruction on police officer lay opinion. There is no case law requiring a judge to instruct that a police officer's opinion of a defendant's field sobriety test performance is not an expert opinion. Accordingly, the officer's opinion that the defendant "didn't do very well" on one of the field sobriety tests was admissible as a lay opinion, and no additional jury instruction was required. See Commonwealth v. Canty, 466 Mass. 535, 544 (2013) (lay witness may testify to defendant's apparent intoxication). Furthermore, because the defendant did not request such an instruction at trial, we "determine whether any error ... created a substantial risk of a miscarriage of justice." Commonwealth v. Horne, 476 Mass. 222, 226 (2017), quoting Commonwealth v. Zimmerman, 441 Mass. 146, 150 (2004). Given the overwhelming evidence of the defendant's intoxication, there was no such risk.
3. Closing argument. "Closing argument must be limited to discussion of the evidence presented and the reasonable inferences that can be drawn from that evidence." Commonwealth v. Rakes, 478 Mass. 22, 45 (2017). "Counsel may, however, zealously argue in favor of those inferences favorable to his or her case." Id. During closing argument, the Commonwealth argued that the defendant urinated in his pants. Given the evidence presented at trial that the defendant's pants were unbuttoned, his fly was down, his pants were wet in "his groin area," and he repeatedly verbalized his need to urinate, this inference was reasonable. See Commonwealth v. Bois, 476 Mass. 15, 32 (2016) (prosecutor properly argued for inference that defendant intended to steal where defendant broke into house and removed items that were later found in his possession).[5]
Judgments affirmed.

After being found guilty of all three charges, the defendant pleaded guilty to the fifth offense portion of the operating a motor vehicle under the influence of intoxicating liquor charge.

At oral argument, the Commonwealth conceded that we should apply Wolfe to this case, even though the trial occurred prior to the opinion in Wolfe. See Wolfe, supra at 150 ("Because the defendant objected at trial and argued for this rule on direct appeal, he should have the benefit of this decision, which otherwise shall apply only prospectively"). We accept the Commonwealth's concession, without deciding whether Wolfe would apply otherwise.

The defendant's medical records show that his condition improved approximately six weeks before the crime. At that time, the defendant's doctor recorded that his "[h]ips, knees, ankles, and MTPs are without tenderness or limitations." Approximately four weeks before the crime, the defendant's wife reported to his doctor that the defendant's pain was "not as bad."

The defendant stipulated to essential elements of the charged offenses: operating a motor vehicle and having had his license suspended or revoked for operating under the influence. Contrary to the requirements of Mass. R. Crim. P. 23 (a), 471 Mass. 1501 (2015), the judge declined the parties' offer to submit the stipulation in writing. As the defendant does not raise this as an issue on appeal and there is no discernable prejudice, the procedural error does not impact our decision today. See Commonwealth v. Gentle, 80 Mass. App. Ct. 243, 252 (2011). Judges and litigants, however, are reminded that stipulations to essential elements in a criminal case must be in writing and signed by the prosecutor, defendant, and defense counsel. See Mass. R. Crim. P. 23 (a).