The defendant, Shawn M. Craig, appeals from his conviction of distribution of a class A drug, subsequent offense, in violation of G. L. c. 94C, § 32 (b ).[2] We affirm.
Background. The following facts are drawn from Sergeant Edward Troy's trial testimony. On September 5, 2013, Troy[3] was surveilling the Appleton Street area of Lowell. Around 8:30 P.M. , he observed a male, later identified as Michael Young, approach the defendant and the defendant's wife. Troy observed Young hand several bills of money to the defendant, after which the defendant counted the money, reached into the rear of his pants, removed something "very small," and handed it to Young. The exchange lasted about ten to fifteen seconds. Young then began walking towards Troy. After several steps, Young knelt down and appeared to place something in his left sock. Subsequently, Troy searched Young and asked him to remove his left shoe and sock. When Young complied, two small, clear plastic bags containing a light-brown powder fell on the ground. The powder was later identified as a mixture of heroin and caffeine. Troy seized the bags, placed Young under arrest, and circled the area looking for the defendant and his wife. He did not find them.
At trial, defense counsel conceded that the defendant was involved in a drug transaction with Young, but maintained that he was the buyer and Young was the seller. On cross-examination of Troy, defense counsel made the point that Troy did not pursue the defendant, call him back, or send anyone else after him. On redirect examination, over objection by defense counsel, the prosecutor asked Troy to explain why he focused exclusively on Young. Troy responded, "I felt that [Young] was the more important person to focus on at that time because I felt that there was more potential that he had evidence on him." Troy then explained that by evidence, he meant drugs.
Discussion. The defendant argues that Troy improperly testified to the ultimate issue of the defendant's guilt: that is, whether the defendant was the dealer or buyer in the transaction. Due to the defendant's timely objection to Troy's testimony, we review its admission for prejudicial error. Commonwealth v. Cruz, 445 Mass. 589, 591 (2005). Prejudicial error requires a two-part analysis. Id. First, we must determine whether there was an error, and if so, was the error prejudicial. Id. "An error is not prejudicial if it 'did not influence the jury, or had but very slight effect'; however, if we cannot find 'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error,' then it is prejudicial." Id., quoting Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994).
It is imperative that no witness, especially a police witness, testify "as to a defendant's guilt or innocence." Commonwealth v. Canty, 466 Mass. 535, 540 (2013), quoting Commonwealth v. Hamilton, 459 Mass. 422, 439 (2011). On cross-examination, defense counsel inquired whether Troy took any steps to apprehend the defendant and his wife. As a result, it was not error to permit the prosecutor to ask Troy to explain why he chose to pursue Young instead of the defendant. See Commonwealth v. Lodge, 431 Mass. 461, 467 (2000) (where "[t]he defendant has inserted into the case the relevance of the police judgment and decisions; the officer must be allowed to defend that judgment"). Moreover, Troy testified where, based on his observations, he expected to find the drugs. He did not state an opinion of the defendant's guilt.
Nevertheless, even assuming error, there was no prejudice. Defense counsel conceded that a drug transaction took place, and he did not refute that the bags Troy seized from Young contained narcotics.[4] The jury heard the rest of Troy's testimony, which described in detail the exchange between the defendant and Young, including that the money exchanged was passed from Young to the defendant. The jury also heard that three hours earlier, in the same location, the defendant engaged in brief, hand-to-hand transactions with others. Finally, Detective David Lavoie testified that hand-to-hand drug transactions are often quick exchanges where the drugs are contained in small bags and hidden in the seller's clothes.[5]
Judgment affirmed.

After a jury-waived trial, a Superior Court judge found the defendant guilty of the subsequent offense portion of the drug distribution charge. The Commonwealth entered a nolle prosequi as to the second indictment, conspiracy to violate a drug law in violation of G. L. c. 94C, § 40.

At the time of the crime, Troy was a State trooper. He became a sergeant around 2014.

Kimberly Dunlap, a forensic scientist with the State police drug identification unit also confirmed the contents of the bags seized from Young.

Detective Lavoie also testified that the exchange may involve counting money.