Following a jury trial in the District Court, the defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor (OUI), G. L. c. 90, § 24 (1) (a ) (1). On appeal, the defendant claims that he was prejudiced by the arresting officer's inadmissible opinion testimony that he was "drunk." We affirm.
Background. We summarize the relevant facts as the jury could have found them. On September 2, 2016, at approximately 4:40 A . M ., Massachusetts State Trooper Luke Bonin observed a motor vehicle stopped in the middle of the on-ramp to Route 140 in Lakeville. The vehicle's headlights were on, but the directional signals and hazard lights were not. As he walked closer, Trooper Bonin observed that the gearshift was in drive and the brake lights were on, but the driver, later identified as the defendant, was slumped over the steering wheel. When Trooper Bonin knocked on the window, the defendant awakened, turned toward the trooper, and rolled down the window. The defendant explained that he was sorry, and that he was "really tired and wanted to pull over." The defendant placed the gearshift in reverse and turned off the ignition. Trooper Bonin observed that the defendant's eyes were bloodshot and glassy, and an odor of alcohol emanated from the vehicle.
While the defendant was still seated in his vehicle, Trooper Bonin asked him to recite the alphabet. The defendant stopped at the letter "P." When asked to "count backwards from 63 to 51," the defendant "did not stop at the number 51, [but] continued counting down." Trooper Bonin then asked the defendant to get out of the car so he could administer field sobriety tests. The defendant was unsteady on his feet. He could not satisfactorily complete the "walk and turn" test, or the "one-leg stand" test. Trooper Bonin placed the defendant under arrest and transported him to the State police barracks. An inventory search of the defendant's vehicle revealed an open, half-empty bottle of brandy in the glove box. Ultimately, the defendant agreed to take a breathalyzer test, which showed a blood alcohol content of .07.
Discussion. When asked by the prosecutor if, after observing the defendant perform the roadside sobriety tests, Trooper Bonin had formed an opinion as to the defendant's state of sobriety, he responded, "My opinion was that Mr. Cabrera was drunk." On appeal the defendant claims that this testimony was improper lay opinion on the ultimate issue in the case. Because the defendant objected at trial, we review to determine whether any error was prejudicial. See Commonwealth v. Barbosa, 477 Mass. 658, 673 (2017).
It is well settled that lay opinion testimony whether a person was intoxicated from the consumption of alcohol is admissible at trial. Commonwealth v. Canty, 466 Mass. 535, 540 (2013). See Mass. G. Evid. § 704 (2018) ("An opinion is not objectionable just because it embraces an ultimate issue"). On the other hand, "[n]o witness, including a police witness, may testify as to a defendant's guilt or innocence." Commonwealth v. Hamilton, 459 Mass. 422, 439 (2011). The Supreme Judicial Court has addressed the tension between these evidentiary principles in OUI cases, concluding that "a police officer who observed the defendant may offer an opinion as to the defendant's level of intoxication arising from the consumption of alcohol, but may not offer an opinion as to whether the defendant's intoxication impaired his ability to operate a motor vehicle." Canty, supra at 536.
Here, we agree with the Commonwealth that Trooper Bonin's testimony that the defendant was drunk was a permissible opinion on the defendant's state of sobriety rather than an opinion on the defendant's ability to safely operate his motor vehicle. The prosecutor did not elicit testimony regarding the defendant's ability to operate a motor vehicle, and Trooper Bonin offered no further opinion on that subject. Therefore, the judge did not abuse his discretion in admitting the opinion testimony. See Commonwealth v. Connolly, 91 Mass. App. Ct. 580, 585 (2017) (judge's determination regarding admissibility of lay opinion testimony is reviewed for abuse of discretion). Moreover, the defendant was not prejudiced by the opinion, as the other evidence against the defendant was strong, and the judge properly instructed the jury that they could accept or reject Trooper Bonin's opinion. Accordingly, we discern no abuse of discretion in the admission of Trooper Bonin's testimony, and no prejudice to the defendant.[2]
Judgment affirmed.

Because we are able to resolve the appeal on the existing record, we decline to remand the case to the trial court for reconstruction of certain portions of the trial transcript that are labeled "indiscernible."