After a jury trial, the defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor (OUI), third offense.[2] On appeal, the defendant argues (1) the judge erroneously denied his motion for mistrial, (2) the prosecutor's closing argument improperly shifted the burden of proof to the defendant, and (3) the prosecutor's closing argument improperly vouched for the credibility of the Commonwealth's witnesses. We affirm.
Discussion. 1. Motion for mistrial. The defendant argues that the judge abused his discretion in denying his motion for mistrial after the Commonwealth's two police witnesses testified about the defendant's sobriety. The defendant contends he was prejudiced by the troopers' testimony since it constituted opinions on the ultimate issue as to whether the defendant was operating under the influence of alcohol.[3]
"The denial of a motion for mistrial is reviewed for abuse of discretion. Commonwealth v. Gallagher, 408 Mass. 510, 517 (1990). Given the trial judge's 'broad discretion in deciding whether to declare a mistrial,' we have instructed that 'this court should defer to that judge's determination of whether [there was] prejudicial error, how much any such error infected the trial, and whether it was possible to correct that error through instruction to the jury.' Commonwealth v. Amran, 471 Mass. 354, 359 (2015), quoting Commonwealth v. Thomas, 429 Mass. 146, 157 (1999). This is because '[a] trial judge is in the best position to determine whether a mistrial, an extreme measure available to a trial judge to address error, is necessary, or whether a less dramatic measure, such as a curative instruction, is adequate.' Amran, supra at 360." Commonwealth v. Santana, 477 Mass. 610, 625-626 (2017).
The evidence here was sufficiently strong to render implausible an inference that the jury might have reached a different result. With respect to the issue of intoxication, the officers testified to numerous indicators of the defendant's intoxicated state. This included (1) observations of the defendant's driving, including crossing the yellow line, making an abrupt start from a stop, and crossing the lane divider when making a right turn; (2) the defendant's general appearance including flushed face, bloodshot and glassy eyes, thick-tongued speech; (3) moderate odor of alcohol on the defendant's breath; (4) the defendant's swaying and appearing unbalanced; (5) the defendant's admission to the first trooper to having consumed alcohol (a "couple" earlier); and (6) the defendant's poor performance on field sobriety tests. Given the strength of this evidence, the judge's striking the improper opinion evidence, and the judge's curative instructions to the jury, we conclude that the jury were not substantially swayed by any error.[4] Accordingly, we conclude that the judge did not abuse his discretion in denying the motion for mistrial. See Commonwealth v. Canty, 466 Mass. 535, 545 (2013).
2. Prosecutor's closing argument. At the conclusion of the prosecutor's closing argument, defense counsel raised two objections. He claimed that the prosecutor shifted the burden to the defense when he argued there could have been a number of innocent explanations for the defendant's blood shot and glassy eyes. Additionally, he claimed that the prosecutor improperly vouched for the police witnesses' credibility.
"In determining whether an argument was improper, we examine the remarks 'in the context of the entire argument, and in light of the judge's instructions to the jury and the evidence at trial.' Commonwealth v. Gaynor, 443 Mass. 245, 273 (2005), quoting Commonwealth v. Viriyahiranpaiboon, 412 Mass. 224, 231 (1992)." Commonwealth v. Miller, 457 Mass. 69, 79 (2010). Here, we find no error in the prosecutor's statement that "[t]here wasn't any evidence of other explanations for the defendant's bloodshot and glassy eyes." The comment was a clear response to the defense attorney's attempts on cross-examination of the police witnesses to offer alternative explanations for the defendant's blood shot and glassy eyes. "It is not improper for counsel to respond to arguments raised by the defense, see Commonwealth v. Anderson, 411 Mass. 279, 286 (1991), and to make an argument presented by way of reasonable inferences that could be drawn from the evidence, see Commonwealth v. Ruiz, 442 Mass. 826, 835 (2004)." Commonwealth v. Miranda, 458 Mass. 100, 116 (2010).
Finally, the defendant asserts that the prosecutor improperly vouched for the credibility of the two police witnesses. We disagree. "Improper vouching can occur if an attorney expresses a personal belief in the credibility of a witness, or indicates that he or she has knowledge independent of the evidence before the jury." Commonwealth v. Wilson, 427 Mass. 336, 352 (1998). Here, the prosecutor did not express any personal belief in the credibility of the witnesses, nor did he suggest that he had any personal knowledge that supported the witnesses' credibility. Taken with the judge's instruction to the jury that closing arguments by counsel are not evidence, we conclude that there was no error in the prosecutor's comments, let alone prejudicial error.
Judgment affirmed.

The defendant had been charged with OUI, fifth offense. At a jury-waived trial immediately following the verdict, the defendant was found guilty of the subsequent offense portion of the charge.

The first trooper testified, over the defendant's objection, that "[he] formed the opinion [the defendant] was under the influence." The second trooper testified "[t]hat [the defendant] was under the influence of intoxicating liquor and he couldn't operate a vehicle safely" or "drive safely." The defendant objected, and the judge sustained the objections and instructed the jurors to disregard those answers. The second trooper also testified, over the defendant's objection, that he formed the opinion that the defendant was under the influence of alcohol.

The curative instructions were highly specific and made clear that the striken responses were not to be considered. It is well settled that "[t]he jury are presumed to follow the judge's instruction." Commonwealth v. Amran, 471 Mass. at 360.