On appeal from convictions of murder in the second degree, unlawful possession of a firearm, and unlawful possession of ammunition, the defendant, Jose Rodriguez, argues that (1) the trial judge erred in denying his motion for required findings, (2) the judge erred in allowing testimony regarding his tattoos, (3) the prosecutor's closing argument was improper, (4) the judge erred in his jury instruction regarding cooperating witness testimony, and (5) the judge erred in his jury instruction on reasonable doubt. We affirm.
Background. Rodriguez and three others were indicted for murder in the first degree, unlawful possession of a firearm, and unlawful possession of ammunition as a result of a murder in Holyoke.[2] The defendant and one codefendant, Joshua Santos, were tried together in the Superior Court in June, 2015. Both defendants were convicted of murder in the second degree, unlawful possession of a firearm, and unlawful possession of ammunition. Only Rodriguez's appeal is before us.
At trial, two of the Commonwealth's witnesses, Jose Santiago and Damien Alvarado, provided testimony as cooperating witnesses. Santiago and Alvarado provided details as to what they observed regarding the shooting, the facts leading up to the shooting, and the relationships among the individuals including their roles as members of the La Familia gang.
Based on the evidence at trial the jury could have found the following: On June 2, 2013, Juan Quinones was shot and killed at 16 Cabot Street, Holyoke by Rodriguez. Rolando Colon along with other members of the La Familia gang arranged to shoot Quinones. Quinones went to the Cabot Street location to visit his childhood friend, William Vasquez. Within twenty minutes of Quinones's arrival, Rolando Colon joined Quinones and Vasquez on the porch. While the three men were talking Rodriguez arrived on the porch and shot Quinones multiple times.
Discussion. 1. Sufficiency of the evidence. The defendant contends the judge erred by denying his motion for required findings of not guilty. Specifically Rodriguez argues that there was insufficient evidence to support the verdicts of guilty since they were based on the uncorroborated testimony of cooperating witnesses. Rodriguez made no such argument at trial that would have preserved the issue for appellate review. We therefore review to determine if any error created a substantial risk of a miscarriage of justice. See Commonwealth v. Marinho, 464 Mass. 115, 118 (2013).
"There is no requirement that a cooperating witness's testimony be corroborated unless the witness is immunized under G. L. c. 233, § 20E."[3] Commonwealth v. Lessieur, 472 Mass. 317, 330 (2015). Nothing in the record indicates that either Santiago or Alvarado received immunity pursuant to § 20E. Both witnesses testified pursuant to a cooperation agreement with the Commonwealth. There is no requirement of corroboration in this case.
Further, we decline the defendant's invitation to revisit whether the testimony of a cooperating witness must be corroborated before a defendant may be convicted. The creation of such a rule has been rejected by the Supreme Judicial Court. See Commonwealth v. Thomas, 439 Mass. 362, 371-372 (2003), and Commonwealth v. Lessieur, supra. "[W]e have uniformly and unequivocally held we have no power to alter, overrule or decline to follow the holding of cases the Supreme Judicial Court has decided." Commonwealth v. Dube, 59 Mass. App. Ct. 476, 485 (2003), and cases cited. It is for the Supreme Judicial Court to decide whether to revisit this issue.
Alternatively Rodriguez claims the denial of his motion for required findings was error because the "dubious testimony" of the cooperating witnesses was insufficient to support the convictions since their testimony tended "to sustain either of two inconsistent propositions."
The defendant relies on Commonwealth v. Smith, 342 Mass. 180, 183 (1961), in support of his argument. The circumstances in Smith, supra, are distinguishable from those in the present case. There, the proposition relied on by the defendant related to circumstantial evidence. Here, the jury had direct evidence from the government's witnesses regarding Rodriguez's actions, including shooting Quinones. The evidence was substantial enough so that the question of guilt was not left to conjecture or surmise. It was for the jury to assess the credibility of the witnesses and to determine the facts. We find no error in the judge's denial of the motion for required findings of not guilty.
2. Tattoo testimony. Next, Rodriguez maintains the judge abused his discretion in permitting Santiago to testify about the meaning of Rodriguez's teardrop tattoo. To establish that a judge abused his or her discretion in denying a motion to exclude testimony, a defendant must show that there was " 'a clear error of judgment in weighing' the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (citations omitted). In this case, we fail to discern any abuse of discretion by the judge.
Over the objection of Rodriguez, Santiago testified about the meaning of Rodriguez's filled-in teardrop tattoo. Santiago testified that he knew the meaning of the tattoo from "basic knowledge in the streets, like things you learn over time." Based on his experience, Santiago indicated that the common understanding of a filled-in teardrop meant the bearer of the tattoo had killed someone. Santiago was not testifying as an expert. Santiago's testimony was grounded in his years of experiences in gang and street life. This type of lay opinion is admissible where it is not based on "scientific, technical, or other specialized knowledge." Mass. G. Evid. § 701 (2018). See Commonwealth v. Canty, 466 Mass. 535, 541-542 (2013).
3. Closing argument. At trial, defense counsel objected to the prosecutor's closing argument about the meaning of Rodriguez's tattoo. We review this claim for prejudicial error. Commonwealth v. Garcia, 75 Mass. App. Ct. 901, 901 (2009). The defendant contends that the prosecutor's reference to what the teardrop tattoo means to the La Familia gang was improper as it argued facts not in evidence.
"Remarks made during closing arguments are considered in the context of the whole argument, the evidence admitted at trial, and the judge's instructions to the jury." Commonwealth v. Felder, 455 Mass. 359, 368 (2009). Although prosecutors are not permitted to misstate the evidence or refer to facts not in evidence during closing arguments, Commonwealth v. Kozec, 399 Mass. 514, 516-517 (1987), they are entitled "to marshal the evidence and suggest inferences that the jury may draw from it." Commonwealth v. Roy, 464 Mass. 818, 829 (2013), quoting from Commonwealth v. Drayton, 386 Mass. 39, 52 (1982). Here, the prosecutor did just that. Evidence admitted at trial included that the defendant obtained two new tattoos after the shooting of Quinones. One tattoo was the initials "L.F.," and the second was a filled-in teardrop. The prosecutor's comment was a fair inference from the evidence. See Commonwealth v. Harris, 468 Mass. 429, 454 (2014). The jury heard testimony of Rodriguez's role in La Familia, his involvement with the shooting of Quinones, and what the teardrop tattoo means in street life. Taken with the judge's instruction to the jury that they should ignore any facts discussed during closing arguments that they do not remember, we conclude that there was no error, let alone a prejudicial error.
4. Cooperating witness jury instruction. For the first time on appeal Rodriguez claims the jury instruction regarding the testimony of cooperating witnesses was insufficient. Consequently, we must determine whether any error created a substantial risk of a miscarriage of justice. See Marinho, 464 Mass. at 118. In his final charge, the judge correctly instructed the jury regarding cooperating witness testimony in accordance with Commonwealth v. Ciampa, 406 Mass. 257, 264-266 (1989). There was no error.
5. Reasonable doubt jury instruction. Lastly, Rodriguez maintains that the judge erred in not providing the jury with the definition of reasonable doubt set forth in Commonwealth v. Russell, 470 Mass. 464, 477-478 (2015). The judge's instruction here tracked Commonwealth v. Webster, 5 Cush. 295, 320 (1850). The defendant did not preserve this error. Although defense counsel objected to the reasonable doubt instruction, he declined further instruction when offered by the judge. Since the defendant did not preserve this issue below, we review under the substantial risk of a miscarriage of justice standard. Commonwealth v. Grandison, 433 Mass. 135, 141-142 (2001).
" '[T]he Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof.' Commonwealth v. Pinckney, 419 Mass. 341, 342, (1995), quoting Victor v. Nebraska, 511 U.S. 1, 5 (1994). Rather, we look to whether the reasonable doubt instruction adequately impressed on the jury 'the need to reach a subjective state of near certitude of the guilt of the accused.' Victor, supra at 15, quoting Jackson v. Virginia, 443 U.S. 307, 315 (1979). 'In reviewing a reasonable doubt instruction, we consider whether there is a "reasonable likelihood" that the instruction led the jury to believe that they could convict the defendant on proof insufficient to dispel reasonable doubt.' Commonwealth v. Denis, [442 Mass. 617,] 621 [ (2004) ], quoting Pinckney, supra." Commonwealth v. Figueroa, 468 Mass. 204, 220 (2014). Here although the judge erred by not including the model instruction set out by the court in Russell, the reasonable doubt instruction used did not create a substantial risk of a miscarriage of justice. We conclude that the judge's use of the Webster-related instruction without the Russell language did not cause the jury to believe that they could convict the defendant on something less than proof beyond a reasonable doubt.
Judgments affirmed.

Rolando Colon, Joshua Santos, and Jose Santiago.

G. L. c. 233, § 20I, inserted by St. 1970, c. 408, provides that "[n]o defendant in any criminal proceeding shall be convicted solely on the testimony of, or the evidence produced by, a person granted immunity under the provisions of section twenty E."