A jury convicted the defendant of negligent operation of a motor vehicle, in violation of G. L. c. 90, § 24 (2) (a ).[2] The defendant raises three arguments on appeal: (1) the prosecutor improperly commented on the defendant's right to remain silent, (2) the judge erred in admitting lay and expert opinion testimony regarding the vehicle's speed, and (3) the evidence was insufficient to prove negligence beyond a reasonable doubt. We affirm.
1. Right to remain silent. The defendant argues that the prosecutor improperly commented on his constitutional right to remain silent and impermissibly shifted the burden of proof. He rests this argument on a series of questions the prosecutor posed on cross-examination about the defendant's claim that he swerved to avoid hitting a deer. More specifically, the prosecutor asked a series of questions seeking to establish that, in the immediate aftermath of the accident, the defendant did not mention anything about a deer -- whether to police, an accident reconstructionist, first responders, a bystander, or medical personnel at the hospital. The defendant argues that this line of questioning was impermissibly designed to impeach him with his prearrest and postarrest silence, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and of art. 12 of the Massachusetts Declaration of Rights.
The defendant's brief proceeds on the incorrect assumption that prearrest and postarrest statements are subject to the same constitutional analysis. The defendant is correct that postarrest "silence cannot be used for the substantive purpose of permitting an inference of guilt, and ... taking the witness stand does not constitute a waiver of that constitutional right. United States v. Hale, 422 U.S. 171, 175, 181 (1975)" (footnote omitted). Commonwealth v. Mahdi, 388 Mass. 679, 694 (1983). By contrast, however, prearrest silence may be used to impeach a defendant without violating the Fifth Amendment or denying the fundamental fairness guaranteed by the Fourteenth Amendment. Jenkins v. Anderson, 447 U.S. 231, 238-239 (1980).[3] That said, under our common-law evidentiary principles, "impeachment of a defendant with the fact of his pre-arrest silence should be approached with caution," Commonwealth v. Thompson, 431 Mass. 108, 117, cert. denied, 531 U.S. 864 (2000), quoting Commonwealth v. Nickerson, 386 Mass. 54, 62 (1982), because such evidence is of "extremely limited probative worth," Nickerson, supra at 61 n.6, quoting People v. Conyers, 52 N.Y. 2d 454, 458 (1981). Whenever such impeachment "is undertaken, it should be prefaced by a proper demonstration that it was 'natural' to expect the defendant to speak in the circumstances." Id. at 62. See Commonwealth v. Gardner, 479 Mass. 764, 770 (2018).
Here, all but one of the prosecutor's references to the defendant's silence were to the period before his arrest, and the defendant does not argue that they failed to meet the common-law standard for admission.[4] Thus, the defendant has not shown error with respect to the references to prearrest silence. However, one of the prosecutor's questions pertained to the defendant's postarrest silence, and this reference was clearly impermissible. No objection was raised and thus, the question before us is whether the reference to the single instance of postarrest silence resulted in a substantial risk of a miscarriage of justice where it was cumulative of the references to prearrest silence which have not been shown to be erroneous. See Commonwealth v. Letkowski, 469 Mass. 603, 617 (2014) (applying substantial risk analysis to unpreserved claim of postarrest silence). "An error creates a substantial risk of a miscarriage of justice unless we are persuaded that it did not materially influence the guilty verdict." Commonwealth v. Alphas, 430 Mass. 8, 13 (1999). To make that determination, we look at the factors identified in Alphas, supra.
In the context of this case, we conclude that the erroneous reference to postarrest silence did not result in a substantial risk of a miscarriage of justice. To begin with, the primary focus of the defense was the issue of intoxication -- not the deer. Indeed, the vast bulk of the defendant's closing focused on the issue of intoxication, no doubt because it was an element of two of the charges, and its elimination from the case would leave the jury with the option of convicting only on the lesser included offense of negligence. Defense counsel's strategy paid off; the defendant was acquitted of both operating under the influence of alcohol and the firearm charge. It is true that the defendant's postarrest silence related to his defense that he was not negligent because he had swerved to avoid a deer. However, it must be noted that negligence is to be viewed in the totality of the circumstances, which here included that the defendant had been drinking, admitted going over the speed limit, was driving a powerful performance car on a dark road late at night, that neither he nor his passenger was wearing a seatbelt, alcohol was present in the vehicle, and it could readily be inferred that the purpose of the ride was to demonstrate the power and speed of the vehicle to the passenger even though the defendant did not have much familiarity with the vehicle, having driven it fewer than ten times. In these circumstances, the deer was but one part of the bigger picture; it was not a "silver-bullet" defense. In addition, the defendant referred to the loss of his career due to a "stupid decision," which the jury were free to accept as an acknowledgement that he made a bad decision with respect to some aspect of his driving; it matters not for these purposes whether the decision related to alcohol, speed, or something else. In any event, his admission was at odds with his deer defense. In short, we conclude that reference to the defendant's postarrest silence did not result in a substantial risk of a miscarriage of justice.
2. Opinion testimony. The defendant argues that the Commonwealth's expert should not have been permitted to opine that the defendant's vehicle's speed was "greater than reasonable" because the opinion had no scientific basis. Admissible expert testimony must, among other things, be "based on facts or data of a type reasonably relied on by experts to form opinions in the relevant field" and have a "[reliable underlying] process or theory [that is] applied to the particular facts of the case in a reliable manner." Commonwealth v. Barbosa, 457 Mass. 773, 783 (2010), cert. denied, 563 U.S. 990 (2011).
The trial transcript belies the defendant's contention that the expert's testimony was impermissibly conclusory. The expert testified without objection to the relationship between the "critical scuff mark" and the defendant's vehicle's speed, center of gravity, engine strength, width of tires, and width of wheel base. In addition, he testified without objection that "[a] vehicle traveling in the road, [with] normal steering, [it] will not leave any marks. At a normal speed, the car is made to make that turn." The expert witness based his opinion on his knowledge of vehicle dynamics and his observations of the accident scene and the defendant's vehicle; the opinion was properly admitted. Compare Commonwealth v. Addy, 79 Mass. App. Ct. 835, 838-839 (2011).
The defendant also argues that the admission of the expert witness's opinion that the vehicle's speed was "greater than reasonable" essentially informed the jury that the defendant's operation of the vehicle was negligent, and therefore should have been excluded because it touched on the ultimate issue for the jury to decide. We disagree. The opinion did not come "close to an opinion as to whether the defendant is guilty." Commonwealth v. Canty, 466 Mass. 535, 542 (2013). Rather, the expert's opinion spoke only to speed, which was just one factor to be considered in the question of the defendant's negligence. See Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 922 (2004). As the judge instructed, the jury were to "examine all the evidence about how the accident happened." Accordingly, admitting the opinion regarding the reasonableness of the speed was not error. Compare Ford v. Boston Hous. Auth., 55 Mass. App. Ct. 623, 626 (2002) (no error in admission of expert's conclusion of building code violation where it "did not resolve the ultimate question of negligence").
The defendant also contends that the trial judge abused her discretion in permitting lay witness testimony concerning the defendant's vehicle's speed preceding the crash, where the lay witness heard but did not see the vehicle in motion.[5] We disagree. Lay witness opinion is admissible where it is "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." Canty, 466 Mass. at 541, quoting Mass. G. Evid. § 701 (2013).
Here, the lay witness was a neighbor who lived approximately seventy-five feet from the road near the accident scene. The neighbor testified that he had extensive experience in both seeing and hearing motor vehicles pass his house at what he perceived to be a high rate of speed. On the night in question, immediately before the crash, he observed the sound of the defendant's motor vehicle approaching: "a very high revving engine," "moving quickly through [four] gears," "very, very loudly," with a "very high torque." Even were we to assume, as the defendant argues, that there was insufficient foundation from these facts to permit the neighbor's lay opinion that the defendant was traveling at a "high rate of speed," we discern no prejudice given that this opinion was essentially duplicative of the Commonwealth's expert's opinion. Moreover, it was unlikely to add anything to the natural commonsense inference the jury were permitted to draw from the neighbor's testimony that the defendant was moving quickly through gears. The neighbor's testimony was based on "common experience" and "a process of reasoning familiar in everyday life," and was admissible lay opinion. Canty, supra at 542.
3. Sufficiency of the evidence. In reviewing the sufficiency of the evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).
The essential elements of negligent operation of a motor vehicle are: "(1) operat[ion of] a motor vehicle, (2) upon a public way, (3) ... negligently so that the lives or safety of the public might be endangered." Duffy, 62 Mass. App. Ct. at 921. Only the third element is at issue. Taken as a whole, and viewed in the required light most favorable to the Commonwealth, the evidence sufficed to permit the jury to conclude beyond a reasonable doubt that the defendant was negligent. The defendant had been drinking before he got behind the wheel of the vehicle, and it was for the jury to determine from the contradictory evidence how much he had consumed. The jury were not required to accept his calculation of the amount.[6] The circumstances of the evening permitted the jury to conclude that, after an evening of drinking around a fire pit, the defendant offered to take the passenger (a friend) for a ride to show off his car, which was a vintage high performance Corvette whose engine the defendant had recently had redone to increase its horsepower. The defendant had no great experience handling the car, having driven it fewer than ten times. The accident occurred late at night on an unlit section of road in a lightly-settled, wooded area -- conditions that would favor driving cautiously, rather than speeding. Yet, he was driving above the speed limit, and above the critical speed for the road. The defendant himself was not wearing a seatbelt, nor did he ensure that his passenger was. There was an open container of beer in the console next to the driver's seat. The jury were not required to accept the defendant's testimony that the passenger placed it there. The details of the horrific crash spoke not only to the defendant's loss of control of the vehicle, but to the speed with which he had been traveling before it occurred. The passenger was thrown from the vehicle and suffered severe injuries, including a partial internal decapitation; the vehicle came to rest 245 feet from the critical scuff mark; the vehicle split one utility pole into pieces and knocked down three small trees before coming to its final rest on a fourth tree; the vehicle dragged one tree approximately twenty-two feet; and the defendant's car had extensive damage. The jury had photographs of the scene and of the condition of the car to consider. The jury were not required to accept the defendant's claim that he swerved to avoid a deer. Finally, the defendant's statement that his career would be ruined because of "this stupid decision," could easily be interpreted as an admission that he knew he had driven in a manner, or at a time, he should not have.
Judgment affirmed.

The conviction came as a lesser included offense to the charge of operating a motor vehicle while under the influence of intoxicating liquor and being negligent, causing serious bodily injury. The jury returned a verdict of not guilty on a charge of carrying a loaded firearm while under the influence of intoxicating liquor. After trial, the trial judge allowed the defendant's renewed motion for a required finding of not guilty of assault and battery by means of a dangerous weapon causing serious bodily injury.

The Supreme Judicial Court has not "considered whether art. 12 prohibits use of a defendant's prearrest silence for impeachment," instead relying on evidentiary principles. Commonwealth v. Gardner, 479 Mass. 764, 768 (2018).

Indeed, he does not even mention this standard in his brief.

Abuse of discretion occurs where the judge "made a clear error of judgment in weighing the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

The jury's finding that the defendant was not guilty of offenses requiring him to be "under the influence" of alcohol did not preclude them from considering the defendant's consumption of alcohol prior to driving. Commonwealth v. Ross, 92 Mass. App. Ct. 377, 380 (2017), citing Commonwealth v. Robicheau, 421 Mass. 176, 177, 181 (1995).