NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-698

COMMONWEALTH

vs.

RENE ALYSON BARRETT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the District Court, the defendant was convicted of negligent operation of a motor vehicle in violation of G. L. c. 90, § 24 (2) (a), and acquitted of operating under the influence of liquor in violation of G. L. c. 90, § 24 (1) (a) (1).[1] On appeal, she argues that she was prejudiced by an error in the prosecutor's opening statement. We affirm.

Background. We summarize the facts the jury could have found. While monitoring traffic on Route 20 at 1:40 A.M., a police officer in Auburn saw a Hyundai Santa Fe driving at what he estimated to be seventy miles per hour in a forty mile per hour zone. After he caught up to the vehicle, the officer

---

[1] In addition, the defendant was found responsible for a speeding violation under G. L. c. 90, § 17, but not responsible for a marked lane violation under G. L. c. 89, § 4A.

maintained a speed of seventy miles per hour.  After the officer activated his cruiser's lights, the Hyundai continued without stopping for about one mile.  The driver of the Hyundai, later identified as the defendant, was unable to stay in the proper lane and crossed the white fog line on the side of the road.

After the officer activated his siren and the defendant pulled the Hyundai over, the officer noticed that the defendant's eyes were red, glassy, and bloodshot, and he noticed a strong odor of alcohol.  While answering the officer's questions, the defendant's speech was slurred, and the officer could not fully understand her.  She denied that she had had anything to drink.  After exiting the vehicle, the defendant was unsteady on her feet and unable to walk in a straight line or maintain her balance.  The officer concluded she was "drunk," placed her under arrest, and transported her to the station.

Discussion.  Prior to trial, the judge allowed the defendant's motion in limine which, consistent with Commonwealth v. Canty, 466 Mass. 535, 544 (2013), sought to exclude opinion testimony from the arresting officer on whether the defendant was operating her vehicle while under the influence of alcohol. During his opening statement, however, the prosecutor stated that the officer "form[ed] an opinion" that the defendant "was operating under the influence."  At sidebar, the trial judge admonished the prosecutor for this violation of his ruling and

asked defense counsel if he wanted a mistrial.  Defense counsel responded:  "That's a tough spot for me obviously, but I think I'd ask for a stronger curative instruction . . . if the Court could consider excluding . . . a final opinion on this . . . that would certainly cure the issue."  The judge declined to exclude the officer's opinion testimony altogether and instead proceeded to instruct the jury that opening statements are not evidence.

The Commonwealth acknowledges, and we agree, that the prosecutor should not have mentioned evidence that the judge had already ruled would be inadmissible under Canty.  See Commonwealth v. Sylvia, 456 Mass. 182, 188 (2010) (prosecutor's opening statement must be based on reasonable and good faith expectation of what evidence will show).  The defendant does not argue that the misstatement was made in bad faith.  Nonetheless, it should not have been made and, because the defendant objected and requested a curative instruction, we review for prejudicial error.  Commonwealth v. Deloney, 59 Mass. App. Ct. 47, 50 (2003).  "An error is not prejudicial if it 'did not influence the jury, or had but very slight effect'; however, if we cannot find 'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error,' then it is

prejudicial."  Commonwealth v. Cruz, 445 Mass. 589, 591 (2005), quoting Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994).

We conclude that the jury were not substantially swayed by the prosecutor's error.  First, the judge immediately instructed the jury that opening statements are not evidence.  See Deloney, 59 Mass. App. Ct. at 51, citing Commonwealth v. Simpson, 434 Mass. 570, 584 (2001) ("Any possible prejudice was cured by the judge's instruction that opening statements are not evidence").  The judge in fact gave this instruction three times during the trial:  before opening statements, following the prosecutor's error, and at the conclusion of the trial.  We presume that jurors follow a judge's clear instructions.  Commonwealth v. Helfant, 398 Mass. 214, 228 (1986).

Second, the arresting officer testified in full compliance with Canty and the trial judge's pretrial order.  Specifically, he stated that he formed an opinion that the defendant was drunk based on her appearance, unsteadiness, demeanor, and odor of alcohol, but he did not offer an opinion on whether she had operated her vehicle while under the influence of alcohol.

The absence of prejudicial error is further demonstrated by the defendant's acquittal of operating under the influence -- the violation most directly implicated by the prosecutor's error.  This partial acquittal shows that the jury were not swept away by prejudice or emotion, but rather "able to sort

4

out" the different requirements for each offense charged. Commonwealth v. Rock, 429 Mass. 609, 616 (1999). Nor was a finding of intoxication required to establish that the defendant was guilty of the negligent operation charge. See Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 921 (2004) (for negligent operation "the Commonwealth must prove that the defendant [1] operated a motor vehicle, [2] upon a public way, [3] [recklessly or] negligently so that the lives or safety of the public might be endangered"). To the contrary, the jury could have found the defendant guilty of this offense based on the substantial evidence presented that did not involve intoxication, including her high rate of speed, delay in stopping the vehicle, and marked lane violations.

The defendant further argues that the trial judge should have issued a "stronger" remedy to the prosecutor's error by prohibiting the officer from offering opinion testimony about the defendant's intoxication. Because such testimony is expressly allowed under Canty, however, the judge did not abuse his discretion by declining this request and instead instructing the jury that opening statements are not evidence. In the alternative, the defendant contends that the judge should have declared a mistrial, even though defense counsel declined to request one when asked by the judge. "As this claim is raised for the first time on appeal, we review to determine whether, if

error, it created a substantial risk of a miscarriage of justice." Commonwealth v. Pereira, 100 Mass. App. Ct. 411, 421 (2021). The decision whether to declare a mistrial is within the discretion of the judge, "who is in the best position to determine whether or not anything has happened likely to affect the justice of the verdict" (citation omitted). Commonwealth v. Costa, 69 Mass. App. Ct. 823, 826-827 (2007). See Commonwealth v. Amran, 471 Mass. 354, 360 (2015) ("A trial judge is in the best position to determine whether a mistrial, an extreme measure available to a trial judge to address error, is necessary, or whether a less drastic measure, such as a curative instruction, is adequate"). Here, the judge's failure to declare a mistrial sua sponte did not result in a substantial risk of a miscarriage of justice because he issued a prompt and forceful curative instruction in response to the prosecutor's error and the jury did not hear the inadmissible opinion testimony at trial. Commonwealth v. Nutter, 87 Mass. App. Ct. 260, 266-267 (2015); Costa, supra at 827.

Judgment affirmed.

By the Court (Vuono, Wolohojian & Toone, JJ.[2]),

*Paul Little*

Assistant Clerk

Entered: March 6, 2024.

---

[2] The panelists are listed in order of seniority.