The defendant, Joshua A. Musick, appeals from his conviction by a judge of the District Court of operating a motor vehicle while under the influence of intoxicating liquor (OUI). See G. L. c. 90, § 24(1)(a )(1).[2] The defendant contends that the arresting officer's testimony that the defendant was "under the influence because he had consumed alcohol" was improper and created a substantial risk of a miscarriage of justice. In addition, the defendant maintains that there was insufficient evidence that he drove while impaired by alcohol. We affirm.
1. Lay opinion. The defendant maintains that the officer's testimony that the defendant was not sober and that he was "under the influence because he had consumed alcohol" was reversible error.[3] The defendant did not object to the testimony. We review for error, and if any, for a substantial risk of a miscarriage of justice. Commonwealth v. Randolph, 438 Mass. 290, 294-295 (2002).
A lay witness in an OUI prosecution may offer his opinion regarding a defendant's level of sobriety or intoxication, but "lay witnesses, including police officers, may not opine as to the ultimate question whether the defendant was operating while under the influence." Commonwealth v. Canty, 466 Mass. 535, 541 (2013), quoting from Commonwealth v. Jones, 464 Mass 16, 17 n.1 (2012).
The officer's testimony regarding the defendant's sobriety was proper and admissible. See Commonwealth v. Canty, supra at 544; Commonwealth v. Saulnier, 84 Mass. App. Ct. 603, 605 (2013). The officer opined that the defendant was intoxicated, a proper subject of lay opinion. See Canty, supra at 540. The officer did not offer an opinion whether defendant's intoxication impaired his ability to operate a motor vehicle. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 545. Compare Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 289-390 (2017) (testimony that defendant "was impaired to operate a motor vehicle" was impermissible). In this bench trial, the judge is presumed to have " 'correctly instructed himself' on the law of evidence." Commonwealth v. Sepheus, 468 Mass. 160, 170 (2014), quoting from Commonwealth v. Ortiz, 431 Mass. 134, 141 (2000).
2. Sufficiency. Next, the defendant contends that the evidence of OUI was insufficient to warrant his conviction. The defendant points to the lack of any indication of improper operation of his car before his arrest, his ability to perform aspects of the field sobriety tests satisfactorily, and to the result of his breath test, which was below the per se limit.[4]
Viewed in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), the defendant was stopped by a Sturbridge police officer for driving with an expired inspection sticker on October 8, 2015. During the stop, the officer observed that the defendant had an odor of alcohol, his speech was slightly slurred, and he had bloodshot and glassy eyes. After getting out of the car, the defendant was ordered to perform field sobriety tests. He was not able to perform all aspects to the officer's satisfaction.[5] After the field sobriety tests, the officer noticed again "a strong odor of alcohol still coming from [the defendant's] breath area." Although he originally denied any alcohol consumption, upon further questioning by the officer, the defendant admitted that "he had a couple of nips of Fireball [w]hiskey." As discussed above, the officer's lay opinion as to the defendant's sobriety was also before the judge. There was sufficient evidence to support the trial judge's finding that the defendant's intoxication impaired his ability to operate a motor vehicle.
Judgment affirmed.

The defendant was also found responsible for operating a motor vehicle with an expired inspection sticker, see G. L. c. 90, § 20, and possession of an open container of alcohol in the passenger area of a motor vehicle, see G. L. c. 90, § 24I.

The admission of witness testimony falls within the sound discretion of the trial judge. Commonwealth v. Thomas, 448 Mass. 180, 187-188 (2007).

At the police station it took the defendant approximately thirty minutes to state that he understood his Miranda rights and would take a breath test. The breath test was administered three times. During the first test, the defendant did not blow into the breathalyzer tube properly. The second test was also inconclusive because mouth alcohol was detected by the machine after the defendant blew into the machine. Subsequent to these attempts, the test was successfully administered and registered .06.

The defendant failed to obey the officer's instructions during the instructional phase of the nine-step walk-and-turn test. The defendant could not recall how many steps he had completed. Additionally, the defendant bent his knee during the one-leg stand test and counted to thirty more slowly than directed.