The defendant appeals from his conviction, after a jury-waived trial in the District Court, of operating a motor vehicle while under the influence of alcohol. He contends that the judge committed reversible error by allowing the arresting and booking police officers to testify that the defendant was "intoxicated," "drunk," and "operating under the influence." We disagree, and affirm the conviction.
A police officer is permitted, as a lay witness, to express an opinion of a defendant's sobriety. See Commonwealth v. Canty, 466 Mass. 535, 540 (2013). Thus, an officer may offer his opinion that a driver was "drunk" or "intoxicated." Ibid., quoting from Brodin & Avery, Massachusetts Evidence § 7.2.2, at 399 (8th ed. 2007) ("Whether a person was drunk or intoxicated is also within the category of permissible summary description"). However, witnesses may not testify that a defendant is guilty or innocent of a crime. Canty, supra. Accordingly, an officer may not offer an opinion on "whether a defendant operated a vehicle while under the influence of alcohol or whether the defendant's consumption of alcohol diminished his ability to operate a motor vehicle safely." Id. at 544.
The booking officer, Christopher Green, permissibly testified that, in his opinion, the defendant "appeared to be intoxicated." When asked his opinion of the defendant's sobriety, the arresting officer, Richard Gaucher, answered, "I believe he was drunk, he was operating under the influence of alcohol." The question was proper, but the second half of the answer was impermissible. See Commonwealth v. Saulnier, 84 Mass. App. Ct. 603, 605 (2013). The defendant did not object, but the prosecutor nonetheless properly redirected Gaucher's testimony, eliciting his opinion that the defendant appeared to be "drunk."[2]
Because the defendant did not object, our review is limited to whether the single error created a substantial risk of a miscarriage of justice. Id. at 607. As in Saulnier, we discern no such risk:
"The impermissible portion of the officer's testimony was very brief, and the Commonwealth's case was very strong. In our view, it is highly unlikely that the [arresting officer]'s opinion on the ultimate issue was a decisive factor in the judge's finding. 'A trial judge sitting without a jury is presumed, absent contrary indication, to have correctly instructed himself as to the manner in which evidence is to be considered in his role as a factfinder.' "
Ibid., quoting from Commonwealth v. Batista, 53 Mass. App. Ct. 642, 648 (2002).
We detect no contrary indication in the judge's handling of the case. In announcing his finding, the judge noted that the defendant was "asleep or passed out at the wheel" and that he "didn't pass the [field sobriety] tests." There is no indication that the judge merely deferred to Gaucher's opinion of guilt (which was evident, in any event, from Gaucher's decision to arrest the defendant). In addition, the circumstances in which Gaucher came upon the defendant (passed out in the driver's seat, with the engine running, in the travel lane of the road) left little doubt concerning the element of operation. We discern no risk of a miscarriage of justice.
Judgment affirmed.

None of this testimony was presented as expert testimony. The prosecutor did not ask any questions to suggest that either officer possessed "scientific, technical, or other specialized knowledge," Canty, 466 Mass. at 541, and the officers did not hold themselves out as experts.