NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-597

COMMONWEALTH

vs.

MICHAEL CAMERON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial in the District Court, the defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor, third offense.[1]  On appeal, he argues that the judge improperly permitted a police officer to give an opinion on the ultimate issue, namely, whether his consumption of alcohol impaired his ability to drive.  He

_____

[1] The defendant pleaded guilty to the subsequent offense portion of the charge following the judge's verdict.  In addition, he was acquitted of negligent operation of a motor vehicle stemming from the same incident and found responsible for a civil infraction for driving after sunset without the car's headlights illuminated.

further contends that another police officer offered an improper opinion regarding the level of his impairment.  We affirm.[2]

Background.  We summarize the facts as the judge could have found them.  On November 2, 2020, at around 5:35 P.M., Officer Austin Buttrick of the Yarmouth police department was on patrol when he saw a brown Ford Fusion without its headlights illuminated.  Because the sun had set approximately thirty minutes earlier, Officer Buttrick stopped the vehicle.  The defendant was the driver and sole occupant of the car.  Officer Buttrick approached and asked the defendant for his license.  Initially, the defendant could not retrieve his license, which was in his pocket among some cash.  Officer Buttrick saw the license as the defendant was fumbling with the cash and, after some prompting, the defendant handed it over.  During this exchange, Officer Buttrick observed blood and mucus on the defendant's sweater.  The defendant's breath smelled of alcohol and his eyes were glossy, wet, and bloodshot.  In response to the officer's question, the defendant said that he had consumed "a couple of" beers.

---

[2] A single justice of this court deemed the defendant's notice of appeal from the denial of his motion for a new trial as timely filed.  However, the defendant makes no arguments challenging the denial of the motion in his brief.  We therefore affirm the order denying the new trial motion.

2

Officer Buttrick then asked the defendant to perform field sobriety tests. When he stepped out of the vehicle, the defendant stumbled and twice Officer Buttrick had to assist him so that he would not fall into traffic. Prior to administering any of the field sobriety tests, Officer Buttrick asked the defendant whether he had any physical or mental impairments that would prevent him from performing the tests. The defendant replied that he was able to take the tests and stated, "I can do that," but, at the same time, he told the officer that "his bones [had been] fractured in the past." Although the defendant indicated that he could perform the tests, he was not able to do so safely as he was unable to maintain his balance. Concerned that the defendant could fall and injure himself, Officer Buttrick decided to end the testing. He arrested the defendant and transported him to the police station.

Sergeant Brian Carchedi was the supervisor on duty that evening and conducted the booking procedure. During his interaction with the defendant, Sergeant Carchedi detected a strong odor of alcohol and observed that the defendant was unsteady on his feet. He also noted that the defendant's eyes were bloodshot, his speech was slurred, and his answers to basic questions were very confusing. Sergeant Carchedi also saw what appeared to be vomit on the defendant's sweater and smelled what

3

he believed to be feces.  In response to a question, the defendant admitted that he had consumed three Coors Light beers.

There was also evidence that there was a case of beer, which was half full, and five or six empty beer cans in the rear-hatch area of the defendant's car.  In addition, at some point after he transported the defendant to the police station, Officer Buttrick returned to his cruiser and saw what he described as "fecal matter" on the seat where the defendant had been sitting.

Discussion.  1.  Officer Buttrick's testimony.  During direct examination, Officer Buttrick answered the prosecutor's questions regarding the defendant's sobriety as follows.

Q:  "And based on your investigation and your opinion, what was the cause of his inability to even stand in the instructional phase and attempt to perform field sobriety testing?"

A:  "I believe based off my observations, he was intoxicated."

Q:  "As a result of your observations of driving, your interactions with the defendant, and his inability to even participate in field sobriety testing, what did you elect to do?"

A:  "Placed him under arrest."

Relying on Commonwealth v. Canty, 466 Mass. 535, 540-544 (2013), the defendant argues that Officer Buttrick's testimony was improper because he opined that the defendant had been driving while under the influence of alcohol.  The defendant did not

4

object or move to strike the testimony; therefore our review is limited to whether there was error, and if so, whether that error created a substantial risk of a miscarriage of justice. See Commonwealth v. Saulnier, 84 Mass. App. Ct. 603, 607 (2013).

It is well settled that an opinion regarding a defendant's sobriety is a lay opinion and, as such, is admissible. See Canty, 466 Mass. at 540-541. However, while lay witnesses, including police officers, may testify as to a defendant's apparent intoxication, they may not offer an opinion on whether the defendant was operating a motor vehicle while under the influence of alcohol. See id. at 542-543.

The defendant argues that because Officer Buttrick testified both that the defendant was intoxicated and that he had been operating a vehicle, the testimony was the equivalent of an opinion on the ultimate issue of whether the defendant was driving under the influence of alcohol. We do not agree that this sequence in the testimony amounted to an opinion on the ultimate issue. Officer Buttrick did not testify that, as a result of his intoxication, the defendant's ability to drive was diminished as was deemed improper in Canty, 466 Mass. at 543-544. Rather, he described his observations of the defendant and then properly stated that based on those observations, he

5

believed the defendant was intoxicated.  See id. at 542.  As such, there was no error.[3]

2.  Sergeant Carchedi's testimony.  Sergeant Carchedi testified that during the booking procedure, he typically forms an opinion about the effects he believes alcohol is having on the arrestee.  He stated that his "options" are "slightly impaired, impaired, [or] greatly impaired."  Based on his observations, Sergeant Carchedi believed the defendant was "greatly impaired."  The defendant argues that by using a "scientific[-]seeming rubric," Sergeant Carchedi improperly injected an "aura of scientific validity" into his opinion about the defendant's level of intoxication that effectively transformed a lay opinion into an expert opinion.  The defendant did not object or move to strike this testimony either, and therefore we review the alleged error under the same substantial risk of a miscarriage of justice standard.  We discern no error.

By describing his options as "slightly impaired, impaired, [or] greatly impaired," Sergeant Carchedi did not suggest that he had any scientific, technical, or specialized training in

---

[3] We also reject the defendant's related argument that the testimony was improper because Officer Buttrick, who is not a medical expert, implied that he considered the defendant's medical history in giving his opinion that the defendant was intoxicated.  Contrary to the defendant's assertion, there was nothing in the testimony that went beyond a permissible lay opinion.

6

evaluating an individual's level of intoxication.  Indeed, an officer's testimony regarding a defendant's "level" of intoxication is admissible.  Canty, 466 Mass. at 542, 544.  We view the sergeant's testimony as consistent with a lay opinion based on his observations of the defendant and, therefore, we discern no error.  See Commonwealth v. Moreno, 102 Mass. App. Ct. 321, 325 (2023).  Furthermore, although there was no error, we note that to the extent there was any risk that the sergeant's testimony was imbued with an "aura of scientific validity," we assume, as we must, "that the judge did not give inappropriate weight to [Sergeant Carchedi's] statement, because judges in jury-waived trials are presumed to know and correctly apply the law."  Commonwealth v. Watkins, 63 Mass. App. Ct. 69, 75 (2005).

Finally, because the evidence of the defendant's intoxication was strong, even if we were to conclude that any of the challenged testimony was improper, there was no substantial risk of a miscarriage of justice.  See Saulnier, 84 Mass. App. Ct. at 607.  As noted, the defendant had a strong odor of alcohol on his breath, was unsteady on his feet, had bloodshot

and glossy eyes, had slurred speech, smelled of vomit and feces, had several empty beer cans in the car, and admitted that he had consumed a few beers.

> Judgment affirmed.

> Order denying motion for new trial affirmed.

> By the Court (Vuono, Massing & Toone, JJ.[4]),

> Assistant Clerk

Entered:   June 5, 2024.

---

[4] The panelists are listed in order of seniority.