NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-948

COMMONWEALTH

vs.

JOSE R. SEQUEIRA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the District Court, the defendant, Jose R. Sequeira, was convicted of operating under the influence of liquor (OUI) and negligent operation of a motor vehicle.[1] Sequeira argues error in the trial judge's denial of his motion in limine, in which Sequeira sought to exclude evidence of comments made by the arresting Massachusetts State trooper at

---

[1] The charges against Sequeira were OUI as a third offense, negligent operation of a motor vehicle, and leaving the scene of property damage; the complaint against him also included a marked lanes violation.  The judge dismissed the charge of leaving the scene before trial and found Sequeira not responsible for the civil infraction after trial.  Sequeira was convicted of the subsequent offense portion of the OUI charge after a later bifurcated jury-waived trial.

the scene of his motor vehicle stop.  Because we discern no abuse of discretion in the judge's ruling, we affirm.

Background.  We briefly summarize the relevant facts as the jury could have found them, noting some essential procedural history.  At approximately 4 A.M. on October 24, 2021, the Massachusetts State police were alerted to "a motor vehicle on the highway traveling at an extremely slow rate of speed." Trooper Jesse Walker located the vehicle in question traveling approximately twelve miles per hour on a Fall River roadway and signaled it to pull over several times with an air horn and multiple sirens.  The vehicle continued driving, returned to the highway, and eventually stopped in the "acceleration lane."

Walker and another trooper who arrived on the scene, Ryan Boswell, spoke with the driver of the vehicle, Sequeira, and noted that he appeared intoxicated.  Specifically, there was evidence that Sequeira displayed classic indicia of intoxication (slurred words, the smell of alcohol, and red and glassy eyes), the interior of his car and his clothing had vomit on them, he did not follow the troopers' instructions, he accidentally shut his own arm into his car door, he was unsteady on his feet, he did not know where he was, and he admitted to drinking some

2

alcohol.[2]  During their interaction with Sequeira, Walker

commented to Boswell that Sequeira was "fucking hammered."

Additionally, he told Sequeira that "[he could] go home after

[he] sober[ed] up."  These comments were recorded on Walker's

body camera.

Before trial, Sequeira filed a motion in limine to exclude

evidence, including these comments;[3] as to the comments, Sequeira

argued they were "[h]ighly [p]rejudicial with no probative

value."[4]  After a hearing, the judge denied so much of the motion

as related to Walker's descriptions of Sequeira as being

"hammered" and needing to "sober up."  Although the judge agreed

that these comments were prejudicial, he concluded that they

were not unfairly prejudicial.  The Commonwealth played the body

camera recording for the jury as part of its case, and the jury

convicted Sequeira of operating under the influence of liquor

---

[2] At trial, Sequeira posited that the troopers' assessment
failed to account for his reliance on damaged eyeglasses while
he drove, limitations on his English proficiency, his statement
that he suffered from diabetes and high blood pressure, and his
history of hip problems.

[3] Sequeira also sought to preclude the Commonwealth from
introducing evidence of a radio transmission "about [his] past
. . . leaving the scene charge."  The judge allowed this part of
the motion.

[4] There was no hearsay objection to the recording, and the
defendant does not raise this argument on appeal.

and negligent operation of a motor vehicle. This appeal followed.

Discussion. On appeal, Sequeira argues that his convictions should be reversed on the ground that the trial judge abused his discretion by denying Sequeira's motion in limine. See Commonwealth v. Whitson, 97 Mass. App. Ct. 798, 805 (2020), citing Commonwealth v. Spencer, 465 Mass. 32, 48 (2013) (judge's ruling on motion in limine reviewed for abuse of discretion). We are not persuaded that the body camera evidence in question went to the ultimate issue in this case, or that it was unfairly prejudicial, and so we affirm.

The challenged comments reflected Walker's opinion of Sequeira's intoxication -- an opinion to which Walker could properly have testified. See Commonwealth v. Canty, 466 Mass. 535, 542-543 (2013). The comments were not based on specialized knowledge that would require expert testimony, and Walker did not opine on Sequeira's innocence or guilt. See id. While the comments may have been harmful to Sequeira's defense, they were not inadmissible on that basis. See Commonwealth v. Kindell, 84 Mass. App. Ct. 183, 188 (2013), quoting United States v. Rodriguez-Estrada, 877 F.2d 153, 156 (1st Cir. 1989) ("By design, all evidence is meant to be prejudicial; it is only unfair prejudice which must be avoided").

4

Moreover, even if the judge in this case had exceeded his discretion by admitting evidence of Walker's assessment of Sequeira's apparent intoxication (a conclusion we do not reach), the error would not have been prejudicial.  The evidence of Sequeira's intoxication was strong, as described supra, and we are convinced that "the error [would] not [have] influence[d] the jury, or [would have] had but very slight effect." Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994), quoting Commonwealth v. Peruzzi, 15 Mass. App. Ct. 437, 445 (1983).  See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 389-390 (2017) (no prejudice caused by erroneous admission of officer's opinion that defendant "was impaired to operate a motor vehicle" where defendant's behavior and performance on field sobriety tests provided overwhelming evidence of defendant's impairment by alcohol).

Judgments affirmed.

By the Court (Rubin, Hand & Brennan, JJ.[5]),

Paul Pittle

Clerk

Entered:  January 3, 2025.

---

[5] The panelists are listed in order of seniority.